## Morrison (et al.), Appellant, *v.* Shealer.

*Election law—Election contest—Affidavit to petition—Act of May 19, 1874, section 18, P. L. 213.*

1. The affidavit provided by section 18 of Act of May 19, 1874, P. L. 213, relating to election contests, must substantially follow the language of the statute, and failure to do so constitutes a jurisdictional defect.

2. If the affidavit omits to state that the return of the election was incorrect, or, in the words of the act, "the return thereof not correct," the omission is fatal and the petition will be quashed.

Argued January 19, 1925. Appeal, No. 226, Jan. T., 1925, by G. D. Morrison, a petitioner, from order of Q. S. Adams Co., dismissing petition in election contest, in case of G. D. Morrison et al. v. John C. Shealer. Befor MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition to contest election of sheriff.   Before MC-PHERSON, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed.   G. D. Morrison, one' of the petitioners, appealed.

*Error assigned* was, inter alia, dismissal of petition, but not quoting order.

*Chas. S. Duncan,* with him *Geo. J. Benner,* for appellant, cited: Moock v. Conrad, 155 Pa. 586; Election Cases, 65 Pa. 20.

*J. Donald Swope,* for appellee, cited: Ex parte Leisenring, 11 Phila. 400; Williams v. Johnson, 16 W. N. C. 223; Moritz's Contested Election, 256 Pa. 537; Knoxville School District Election, 274 Pa. 354; Division Inspectors, 11 Phila. 380.

PER CURIAM, February 9, 1925:

Section 18 of the Act of May 19, 1874, P. L. 213, relating to election contests, provides that an affidavit verifying the petition shall be made by five of the petitioners, "setting forth that they verily believe the facts stated therein are true, that according to the best of their knowledge and belief the election was undue or illegal, and the return thereof not correct, and that the petition to contest the same is made in good faith."

The present affidavit omitted to state that the return of the election was incorrect, or, in the words of the act, "the return thereof not correct," although such was the complaint involved; the court below held the omission a fatal defect and quashed the petition.   This appeal followed.

Judge MITCHELL, afterward Chief Justice of this court, held in Contested Election of Division Inspectors, 11 Phila. 380, that the affidavit in cases under the Act of 1874 must substantially follow the language of the

statute and failure to do so constitutes a jurisdictional defect. Judge MITCHELL's ruling accords with the trend of subsequent decisions of this court in cases where positive procedural directions are not adhered to (see North Union Township Election, 250 Pa. 98; Moritz's Contested Election, 256 Pa. 537; Knoxville School District Election, 274 Pa. 354), and the court below properly followed it.

In Acker v. Conrad, 13 Pa. C. C. R. 97, cited by appellants, the court below, relying on the election cases reported in 65 Pa. 20, held that the affidavit in question was sufficient. The cases referred to were election contests arising under the Act of 1854, which provided that the petition should be supported by an affidavit that "the facts set forth therein were true." The affidavit stated that the facts set forth in the petition were true and correct to the best of the knowledge and belief of the affiant; this was held to be compliance with the statute, on the theory that, since the act provided no precise form for the affidavit, it was for the court to determine the sufficiency of that used. Acker v. Conrad was appealed (reported as Moock v. Conrad, 155 Pa. 586), but the question of the form, or sufficiency, of the affidavit was neither raised nor determined; the case is not an authority here.

The order appealed from is affirmed.