By the Court.
 

 As stated in tbe
 
 per curiam
 
 opinion in tbe case of
 
 Mehling
 
 v.
 
 Moorehead,
 
 133 Ohio St., 395, 14 N. E. (2d), 15, a majority of this court is of tbe view that Section 4785-172, General Code, is a valid exercise of the grant of legislative power expressed in Section 21 of Article II of tbe Constitution of Ohio, and that direct appeals from tbe Court of Common Pleas are therefore procedurally proper in as much as they are addressed to tbe political rather than the judicial power of this court in cases contesting tbe validity of elections.
 

 Fortunately tbe substantive questions here presented are simplified by tbe fact that counsel are in virtual agreement as to tbe operative facts and tbe controlling law. Theirs is tbe familiar difference so
 
 *371
 
 frequently encountered in attempting to apply even conceded law to conceded facts.
 

 It should be noted further that this case involves no claim of fraud. In each instance the question is simply whether the voter complied with the statutory requirement.
 

 The first of the four votes before this court for consideration is that of Zoa Eay. It is' conceded that she was entitled to vote in the south precinct in the village of Hamden where she resided. Before the date of the election Mrs. Eay and her son went to the office of the Board of Elections of Vinton county, where they expressed their desire to cast absent voter’s ballots. To accommodate them the clerk began to prepare the necessary affidavits. He asked the son his residence and was told the north precinct in Hamden. Without further questioning the clerk completed the preparation of both affidavits by making them read the same in this respect. Mrs. Eay said nothing about her residence being different from her son’s, nor did she read her affidavit before signing it. Consequently on election day both marked ballots were sent to the north precinct and were cast there in conformity with the statements set forth in the affidavits. Couns'el agree that Mrs. Eay was not entitled to vote in that precinct. However, the defendants contend that this was a mere technical irregularity which did not invalidate her ballot. They insist that the error was due in part to the action of the clerk in preparing the affidavit. But it is agreed that there is no provision of the statute requiring the clerk to assume this responsibility. Furthermore, his voluntary assistance cannot be held to excuse Mrs. Eay from her definite duty to supply complete information and to read her affidavit before signing it. This court is' of the view that the casting of this ballot does not meet the plain and material requirements of the statute and is therefore invalid. To main
 
 *372
 
 tain the integrity of elections it is important that every ballot be cast in the proper precinct.
 

 The second vote requiring examination by this court is that of Mary Cottrill who for eleven months before the election lived with her husband and children in Clinton township outside the village of Hamden. As her reason for voting in the village Mrs. Cottrill stated that she and her family wanted to move back into the village at some future time. She testified also that they had moved because the house in which they lived had been sold, leaving them without a home in the village. Furthermore, her husband stated that at both the primary and general elections in the year 1938 he voted in the township instead of the village. He testified also that the family would move wherever he could find work. According to the provisions of Section 4785-31, paragraph
 
 a,
 
 General Code, “that place shall be considered the residence of a person in which his habitation is fixed, and to which, whenever he is absent, he has the intention of returning.” Section 4785-31, paragraph
 
 d,
 
 General Code, provides that “the place where the family of a married man or woman resides shall be considered and held to be his or her place of residence.” Under these circumstances it is apparent that this family resided in the township and that this was the place to which, whenever any member was absent, he then intended to return. The husband was correct in voting in the township, and the wife was mistaken in voting in the village. Therefore her vote was invalid.
 

 The third and fourth votes to be considered by this court are those of Harvey and Dorothy Watters, husband and wife. Over two years before the election in question this family was evicted from the home occupied in the village. They then moved three miles into the township to a farm in which Mrs. Watters’ grandmother held a life estate. In plain, unambiguous language both Mr. and Mrs. Watters testified that
 
 *373
 
 when they left the village they had no intention to return and that they expected to remain on the farm as long as the grandmother lived. Nevertheless, both stated that in spite of their residence in the township for over two years, they continued to vote in the village. This was of course contrary to law, and their votes were invalid. The defendants emphasize the fact that Mr. and Mrs. Watters left the farm and moved back to Hamden nearly a week before this election. However, under the provisions of Section 4785-30, General Code, a voter shall have resided in the voting precinct at least twenty days beforé the election.
 

 A reading of the testimony of various witnesses in this' case indicates an honest but unfortunate belief on their part that the precinct where a voter casts his ballot is unimportant so long as he does not vote elsewhere. This is not the law.
 

 In view of the foregoing discussion the judgment of the Court of Common Pleas must be reversed. According to the evidence here presented the result of the election in question is 215 negative votes and 218 in the affirmative.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Myers, Matthias and Hart, JJ., concur.
 

 Williams, J., concurs in the judgment.