Weygandt, C. J.
 

 As stated in the
 
 per curiam
 
 opinions in the cases of
 
 Mehling
 
 v.
 
 Moorehead,
 
 133 Ohio St., 395, 14 N. E. (2d), 15, and
 
 Jolly
 
 v.
 
 Deeds,
 
 135 Ohio St., 369, 21 N. E. (2d), 108, a majority of this court is of the view that Section 4785-172, General Code, is a valid exercise of the grant of legislative power expressed in Section 21 of Article II of the Constitution of Ohio, and that direct appeals from the Court of Common Pleas are therefore procedurally proper inasmuch as they are addressed to the political rather than the judicial power of this court in cases contesting the validity of elections.
 

 The first question now requiring consideration by this court is likewise procedural. It relates to the bond required by Section 4785-167, General Code, which reads in part as follows:
 

 “Said petition shall be accompanied by a bond with surety to be approved by the clerk of the appropriate court in a sum sufficient, as determined by him, to pay all the costs of the contest.”
 

 At the hearing the contestees insisted that compliance with this statutory provision is mandatory and that since no bond accompanied the filing of the petition, the Court of Common Pleas was therefore without jurisdiction to hear or determine the controversy.
 

 
 *282
 
 The record discloses that the petition was filed March 3, 1939. On that date the contestors deposited the sum of $25 in cash with the clerk of the.court. The trial began April 20,1939, at which time the contestors filed two bonds to secure the payment of “all costs which may be adjudged against said petitioners.” However, the contestees contend that these acts did not meet the requirements of the statute.
 

 Assuming without deciding that this statute permits a cash deposit in lieu of a cost bond, the record fails to show that the clerk of the court approved this action. Nor is it shown that at that time the clerk determined or even was requested to determine “a sum sufficient * * * to pay all the costs of the contest.” Hence the deposit of the cash under such circumstances was in no sense a compliance with this statute.
 

 •Similar fatal difficulties are encountered with reference to the two bonds. In the first place they did not-accompany the petition but were filed 48 days later. Secondly, no sum is mentioned in either bond. Then too, the record does not disclose that the clerk of the court ever determined or was asked to determine a sum for such a bond or bonds. Possibly it should be added that in its opinion, which is not a part of the record, the trial court says it undertook to grant the contestors leave to file a bond during the trial; but however that may be, the'journal of the court is silent on that point, and it is of course still the law that a court speaks through its journal. And finally it must be observed that neither of the two bonds is conditioned “to pay all the costs of the contest,” as is expressly required by the statute.
 

 In view of this combination of circumstances this court experiences no difficulty in reaching the conclusion that the contestors wholly failed to comply with the above quoted provisions of Section 4785-167, General Code. Consequently the Court of Common Pleas
 
 *283
 
 was without jurisdiction to hear or determine the controversy and should have granted the motion of the contestees to dismiss the proceeding. It is unnecessary to discuss the remaining questions which now become moot.
 

 The judgment of the Court of Common Pleas must be reversed in this respect, and final judgment is rendered for the contestees dismissing the proceeding.
 

 Judgment reversed.
 

 Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.