Bettman, J.
 

 In an election contest case, a bond to secure the costs of the contest is required by Section 4785-167, General Code, which provides:
 

 “Said petition [to contest an election] shall be accompanied by a bond with surety to be approved by the clerk of the appropriate court in a sum sufficient,
 
 *451
 
 as determined by him, to pay all tbe costs of the contest.”
 

 The record in the present case shows that the bond’ was executed in the presence of the clerk of the court, who signed the bond as one of the two witnesses, and whose filing stamp appears upon the bond, dated the same day as the bond was executed. Upon the court’s docket, kept by the clerk, appeared the notation, “Bond for costs filed.” In view of the statutory duty upon the clerk to approve the surety of such bond and to determine the sufficiency of the amount thereof, these facts, appearing in the record, lead, we believe, to the wholly reasonable inference that the clerk, when he signed the bond as a witness to its execution, and then accepted it for filing and filed it, did in fact perform his statutory duty of determining its proper amount and approving its surety. It is logical to assume that the clerk, accepting such a bond for filing, will at the same time or previously have done the duty enjoined upon him by statute with respect to that bond, for without the performance of such duty, the filing of the bond with him would be an empty gesture. Certainly the least that can be said of the facts that do appear in this record is that they constitute elemental facts from which the inference can fairly be drawn of the existence of the ultimate facts that the clerk had approved the surety and had determined the amount of the bond. This inference was sufficient to put the burden of the production of evidence to the contrary upon those who sought to deny the inference.
 

 But however this may be, the appellants sought to reinforce what we find to be the plain inference from the record, by the introduction of testimony to establish that the clerk of the court did approve the surety upon the bond and did determine its amount. This evidence the court refused to hear upon the ground that “the clerk’s proceedings should be in written form” and that “the determination of the amount and
 
 *452
 
 approval of the bond cannot be shown by oral evidence.”
 

 Section 4785-167, General Code, quoted above— which creates the duty of the clerk of the court to approve the surety and determine the amount of a cost bond in an election contest case — does not require that these acts of the clerk shall be written acts, or even that the clerk, having performed these statutory duties, shall then make a written record thereof. Nor do any such requirements appear in the general statutes defining the duties of the clerk of the court. Sections 2874 and 2880, General Code, merely require the clerk to keep a record of all the orders and proceedings
 
 of the court,
 
 but say nothing of a record of the clerk’s own acts, as distinguished from the acts of the court. There being no specific statutory requirement of writing in connection with the clerk’s act of approving the surety and determining the amount of the bond for costs, can such a requirement be said to arise from anything inherent in the nature of the duties of the clerk? The clerk’s functions are primarily ministerial, not judicial, and in their normal course, the clerk’s own acts, apart from the record he makes of the action
 
 of the court,
 
 are done by the performance of a physical act or mental process without the creation of a memorandum “in written form” stating that the clerk has this day performed act A, or act B. Therefore, when a specific statutory duty, like approval of the surety or determination of the amount of a bond to secure costs, is thrust upon the clerk’s'shoulders without any statutory specification that the act must be in writing, it is normal to the round of his duties that the clerk shall not be required to do more than perform the actual act itself. Therefore, neither because of any specific statutory provision, nor because of the inherent nature of the clerk’s acts, must the acts of approval of surety upon the bond or the determination of its proper amount be necessarily recorded by the clerk in writing.
 
 *453
 
 While a written memorandum would he helpful it is not essential. If the fact of the action he called in question there is no rule of law which gainsays its establishment — like any fact in dispute — by relevant evidence.
 
 Sutton
 
 v.
 
 McCoy,
 
 Wright, 95;
 
 Robinson
 
 v.
 
 Chadwick,
 
 22 Ohio St., 527; 2 Ohio Jurisprudence, 298, Section 266.
 

 In reaching the opposite conclusion and holding that in the absence of a memorandum “in written form” by the clerk, to the effect that he approved the surety on the bond and determined the amount thereof, these facts “cannot be shown by oral evidence,” the court below appeared to rely upon language used in the opinion of this court in the case of
 
 In re Contest of Special Election in Village of North Baltimore,
 
 136 Ohio St., 279, 25 N. E. (2d), 458, where it was said that “it is of course still the law that a court speaks through its journal.” This was taken by the court below to imply that the clerk’s acts must also be written. However, in the
 
 North Baltimore case
 
 the quoted language was used with reference to the
 
 act of the court,
 
 granting leave to file a bond late, and therefore not applicable to what concerns us here, to wit, the
 
 act of the clerk.
 
 The court’s journal, it is true, is the voice of the court, but it is not the voice of the clerk. There can, moreover, be no true analogy between the acts of the court and those of the clerk, since the court’s acts, by tradition and statute, must be recorded in writing.
 

 We hold that the acts of the clerk in approving the bond required by Section 4785-167, General Code, and in determining its necessary amount, may be proved by parol evidence. This holding, it should be noted, does not here involve any question of disputing or contradicting the court’s journal or records, since the evidence here sought to be introduced merely amplifies the meaning that can be plainly inferred from the facts which do appear in the record, to wit, the signing of the clerk as a witness on the bond, the statement
 
 *454
 
 that it was executed in his presence, and the file marking of the bond by the clerk. These significant facts being present, surely oral evidence must be admitted to explain them if there be any doubt of the ultimate facts inferrable from these elemental facts. Law is not a game of toeing the mark. True, we must have a system of rules which are the warp of ordered society. But the ceaseless shadings of human action must be discerned as the woof in the cloth of real justice. •
 

 Counsel for the appellees advance as a final argument that, wholly aside from the foregoing questions of approval of surety and determination of amount of the bond, the covenant of the bond, on its face, is insufficient, since in the
 
 North Baltimore case, supra,
 
 a bond to pay “all costs which may be adjudged against said petitioners” was held not to comply with the statutory requirement of a bond “to pay
 
 all
 
 the costs of the contest.” (Italics ours.) In the present instance the condition of the bond reads, “if the said contesters shall pay all the costs of the contest if same be adjudged against them, then this obligation to be void,” etc. This we construe to mean that the bond is for the payment of
 
 all the costs
 
 of the contest, if the
 
 contest
 
 is adjudged against the contesters. This latter qualification, being merely a repetition of the effect of the provisions of Section 4785-167, General Code, which requires the county to pay the costs of a successful election contest, becomes immaterial. The covenant of the bond therefore complied with the statutory requirements.
 

 For the foregoing reasons we hold that the Court of Common Pleas erred in refusing to permit the appellants to support by parol evidence the inference to be drawn from the undisputed facts in the record that the clerk of the court did in fact determine the proper amount of the bond furnished by the appellants to
 
 *455
 
 secure the costs of the contest, and did in fact approve the surety thereon. The judgment below must therefore be reversed and the cause remanded for further proceedings in accordance with this opinion.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Turner, Williams, Hart and Zimmerman, J'J., concur.
 

 Matthias, J., not participating.