Zimmerman, J.
 

 It has been definitely held by this court that an election contest is a political and not a judicial matter, and that undér Section 21, Article II of the Constitution of Ohio, the General'Assembly is empowered to “determine, by law, before what authority, and in what manner, the trial of contested elections shall be conducted.”
 
 Link
 
 v.
 
 Karb, Mayor,
 
 89 Ohio St., 326, 104 N. E., 632;
 
 Thompson
 
 v.
 
 Redington,
 
 92 Ohio St., 101, 110 N. E., 652, Ann. Cas. 1918A, 1161;
 
 Foraker
 
 v.
 
 Perry Township Rural School District Board of Education,
 
 130 Ohio St., 243, 199 N. E., 74;
 
 *469
 

 Mehling
 
 v.
 
 Moorehead,
 
 133 Ohio St., 395, 14 N. E. (2d), 15.
 

 “The failure of the Legislature to provide for a contest confers no jurisdiction upon the courts.”
 
 State, ex rel. Kautzman,
 
 v.
 
 Graves, Secretary of State,
 
 91 Ohio St., 113, 122, 110 N. E., 185.
 

 Pursuant to the constitutional authorization, the General Assembly has clearly prescribed the manner in which an election may be contested. Section 4785-167, General Code, as-it applies to the present proceeding, stipulates:
 

 ‘ ‘ Such a contest shall be commenced by the filing of a petition therefor with the clerk of the appropriate court [a] signed by at least twenty-five voters * * * or by the defeated candidate * * *' within ten days after the results of the recount * * * have been ascertained and announced by the proper authority, [b] Such petition shall be verified by the oath of at least two such petitioners, or by the oath of the defeated candidate filing the same, as the case may be, and [c] shall set forth the grounds for such contest, [d] Said petition shall be accompanied by a bond with surety to be approved by the clerk * * * .”
 

 The precise question to be determined is whether, as asserted by the contestee, compliance with the mandates of the statute is necessary to give a court jurisdiction to entertain the contest, or whether, as asserted by the contester, the failure to comply with one or more of the steps prescribed is an informality, making no real difference, and is subject to remedy by the' amendment of the petition after the time for the filing of such petition has expired.
 

 Referring to election contests, it is said in 18 American Jurisprudence, 361, Section 275':
 

 “* * * Such statutory proceedings are special and summary in their nature. Therefore, as a general rule, a strict observance of the statute is required, so far
 
 *470
 
 as regards the steps necessary to give jurisdiction, and the jurisdictional facts must appear on the face of the proceedings. * * * ”
 

 Statements of similar import are contained in 29 Corpus Juris Secundum, 355, Section 247.
 

 In
 
 Schwartz
 
 v.
 
 County Court, Garfield County,
 
 14 Colo., 44, 47, 23 P., 84, 85, the court said:
 

 ‘ ‘ The proceedings upon an election contest before the county judge, under the statute, are special and summary in their nature; and it is a general rule that a strict observance of the statute, so far as regards the steps necessary to give jurisdiction, must be required in such cases.”
 

 In
 
 Kuestner
 
 v.
 
 Boscarell,
 
 5 N. J. Misc., 303, 308, 136 A., 506, 509, the Supreme Court of New Jersey stated:
 

 “The legislature has prescribed a method of procedure to be followed by one who desires to contest the result of the election. To give the court jurisdiction the method prescribed by the legislature must be followed. Courts have no power to change or ignore the procedure fixed by the legislature.”
 

 In
 
 Gossard
 
 v.
 
 Vawther,
 
 215 Ind., 581, 584, 21 N. E. (2d), 416, 417, the court remarked:
 

 “The courts of this country are not entirely agreed as to the effect of the omission of a jurat upon an affidavit, but according to the majority view such omission is not fatal to the validity of the affidavit so long as it appears, either from the instrument itself or from evidence
 
 aliunde,
 
 'that the affidavit was, in fact, duly sworn: to before an authorized officer. * * *
 

 “Without doing violence to the prevailing rule stated above) we are of the opinion that it cannot be invoked in aid of the ca.se at bar. This is a special statutory proceeding. The act under which it was brought is specific as to what shall constitute a sufficient petition for a contest or recount. It requires that such petition
 
 *471
 
 be verified by tbe contester. This means, as we understand it, tbat tbe petition shall not only be sworn to but tbat it shall also bear a jurat, tbat is, a certificate by tbe officer who administered tbe oath reciting that fact. ’ ’
 

 In accord with these holdings, tbis court announced in tbe syllabus of
 
 In Matter of Contest of Special Election in Village of North Baltimore, Ohio,
 
 136 Ohio St., 278, 25 N. E. (2d), 458, that—
 

 “1.
 
 Under the provisions of Section 4785-167, General Code, relating to tbe filing of an election contest, tbe petition shall be accompanied by a bond with surety to be approved by tbe clerk of tbe appropriate court in a sum sufficient, as determined by him, to pay all tbe costs of tbe contest.
 

 “2.
 
 In tbe event of failure of tbe contestors to comply with tbe foregoing requirements, tbe court is without jurisdiction to bear or determine tbe controversy.”
 

 See
 
 Pearson
 
 v.
 
 Alverson,
 
 160 Ala., 265, 49 So., 756;
 
 Flake
 
 v.
 
 Pretzel,
 
 381 Ill., 498, 501, 46 N. E. (2d), 375, 377;
 
 Clee
 
 v.
 
 Moore,
 
 119 N. J. Law, 215, 195 A., 530;
 
 Edwards
 
 v.
 
 Knight,
 
 8 Ohio, 375;
 
 Morrison
 
 v.
 
 Shealer,
 
 282 Pa., 427, 128 A., 87;
 
 Harmon
 
 v.
 
 Tyler,
 
 112 Tenn., 23, 83 S. W., 1041, citing tbe Ohio cases of
 
 Edwards
 
 v.
 
 Knight, supra,
 
 and
 
 Ingerson
 
 v.
 
 Marlow,
 
 14 Ohio St., 568.
 

 A majority of tbe court is of tbe opinion tbat compliance with tbe provisions of Section 4785-167, General Code, is a condition precedent to thé right to have an election contest beard and determined by a court, and tbat noncompliance with tbe statute in one or more of the particulars prescribed is fatal to such right.
 

 Specifically, if a petition to contest an election is not ¿ ‘ signed by at least twenty-five voters * * * or by tbe defeated candidate” as tbe statute says it must be, an express condition controlling tbe right to contest
 
 *472
 
 has not been met and a court is without authority to assume jurisdiction and proceed.
 

 Attention is directed by the contester to Section 4785-169, General Code, which reads:
 

 “The proceedings shall be similar to those in judicial proceedings, in so far as practicable, and shall be under the control and direction of the court which shall hear and determine the matter without a jury, with power to order or permit amendments to the petition or proceedings as to form or substance * * * .”
 

 The quoted statute is, of course, applicable where a court has acquired jurisdiction, but if there is no jurisdiction there is no power to permit amendments. In other words, the statutory thing to be amended must exist before the power of amendment can be exercised.
 

 See
 
 Shamokin Bank
 
 v.
 
 Street,
 
 16 Ohio St., 1, 10.
 

 In a number of cases this court has held that where statutes relating to elections contain specific requirements, such requirements should be accorded full force and effect. See
 
 Ingerson
 
 v.
 
 Marlow, supra
 
 (14 Ohio St., 568);
 
 State, ex rel. Cox,
 
 v.
 
 Payne,
 
 117 Ohio St., 317, 158 N E., 546;
 
 Koehler, Jr.,
 
 v.
 
 Board of Elections of Butler County,
 
 125 Ohio St., 251, 181 N. E., 107:
 
 State, ex rel. Raines,
 
 v.
 
 Tobin et al., Board of Elections of Summit County,
 
 138 Ohio St., 468, 35 N. E. (2d), 779. The conclusion here reached is in harmony with the cases cited.
 

 Agreeing with the Court of Common Pleas in the disposition of the proceeding, its judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias and Turnee, JJ., concur.
 

 Hart, Bell and Williams, JJ., dissent.