Hart, J.,
 

 dissenting. With regret, I am unable to concur in the majority opinion because, it seems to me,
 
 *473
 
 it adopts a technical and strained position with reference to the sufficiency of the election-contest petition filed in this case.
 

 The jurisdictional requirements imposed upon the defeated candidate for mayor of a municipality to institute an election contest after a recount are: The filing of a petition with the clerk of the appropriate court signed by the defeated candidate for such election, within ten days after the results of the recount of such election have been ascertained and announced by the proper authority; and that such petition shall be verified by the oath of the defeated candidate filing the same, shall set forth the grounds for such contest and shall be accompanied by a bond with surety to be approved by the clerk of the appropriate court in a sum sufficient, as determined by him, to pay all the costs of the contest. See Section 4785-167, G-eneral Code.
 

 The only attack made upon the jurisdictional procedure in this case is the claim that the contester failed to sign the petition in that he did not sign it at the end of the prayer. The contester did sign after the certificate of verification attached to such petition, and it is not denied that the oath was properly taken.
 

 In my opinion, the signatures of the attorneys of the contester following the prayer of the petition were not required, were unnecessary and were surplusage. On the other hand, the statute does not specify where the contester shall sign the petition and does not require his signature to the certificate of verification to make the verification or oath effective. In other words, the signature of the contester was not a necessary part of the verification. The word “verify” is derived from two Latin words,
 
 vemos,
 
 meaning true, and
 
 focare,,
 
 meaning to declare, or to confirm. In other words, the verification is a mere declaration of the truth of the facts stated. It does not require a signature or subscription to make it valid.
 

 
 *474
 
 If the signatures of the attorneys, which were unnecessary, be eliminated, the paragraph in the petition, next following the prayer, omitting the venue, is as follows:
 

 “Arthur H. Williams, of lawful age, being first duly sworn deposes and says that
 
 he is the plaintiff and contester
 
 in the
 
 foregoing petition;
 
 that he
 
 has read said petition
 
 and that the
 
 facts and allegations therein stated and made are true.”
 

 “Arthur H. Williams.” (Italics mine.)
 

 The signature of the contester to the certificate immediately following the body of the petition and its prayer is to every intent and purpose a part of the petition itself. It serves every purpose and is to the same effect as if the signature had immediately followed the prayer. The contestee had in this petition, signed and certified by the contester, the benefit of every item of information to which he was entitled or which he could require and suffered no prejudice because the signature of the contester was not appended immediately following the prayer of the petition.
 

 The grounds of the motion of the contestee to strike contester’s petition from the files is that it was not “signed by the said Arthur H. Williams, the defeated candidate for election. ’ ’ In my opinion, this statement is not supported by the facts as shown on the face of the petition itself. The petition was, in fact, signed.
 

 It is true that in the case of
 
 State, ex rel. Raines,
 
 v.
 
 Tobin et al., Bd. of Elections, Summit Co.,
 
 138 Ohio St., 468, 35 N. E. (2d), 779, this court held that the failure of a candidate to sign his declaration of candidacy immediately following such declaration, a substantial form for which is set out in the statute, rendered the declaration insufficient. That, however, was a ma'ndamus action in which the relator was required to show a clear right to compel the Board of Elections to accept his defective declaration, which the board had, on due
 
 *475
 
 consideration, rejected. The matter of the sufficiency of the declaration was before an administrative board where no statutory authority for amendment is provided, and not before a tribunal wherein the right of amendment is specifically provided.
 

 It is also true that in the case of
 
 In Matter of Contest of Special Election in Village of North Baltimore,
 
 136 Ohio St., 279, 25 N. E. (2d), 458,
 
 where no contest bond had been filed within time,
 
 which case is cited and quoted from in the majority opinion, this court held that as a matter of jurisdiction in an election-contest case, “the petition shall be accompanied by a bond with surety to be approved by the clerk of the appropriate court in a sum sufficient, as determined by-him, to pay all the costs of the contest.” But, in the later case of
 
 Hannah
 
 v.
 
 Roche,
 
 138 Ohio St., 449, 35 N. E. (2d), 838, where in an election-contest case the clerk of courts had failed, as it appeared from the record, to determine the proper amount of the contest bond and had failed to approve the surety thereon as required by Section 4785-167, General Code, this court held that since the bond was executed in the presence of the clerk, was signed by him as one of the witnesses, bore his official filing stamp and there had.been entered upon his docket the notation “bond for costs filed,” the con-testers might offer parol evidence tending to show thát the clerk did in fact determine the proper amount of bond furnished by appellants to secure the costs of the contest and did, in fact, approve the surety thereon.
 

 Again, in the case of
 
 McClintock
 
 v. Sweitzer, 138 Ohio St., 324, 34 N. E. (2d), 781, where an election-contest bond was attacked because it did not comply with Section 4785-167, General Code, requiring the contester to accompany his petition “by a bond with surety to be approved by the clerk of the appropriate court in a sum sufficient, as determined by him,
 
 to pay all the costs of the contest,”
 
 whereas contester filed
 
 *476
 
 a bond conditioned “to pay
 
 the costs which may be taxed against the plaintiff
 
 in such action,” this court held “that there was a substantial compliance with Section 4785-167, and that no error prejudicial to appellee resulted.”
 

 Unquestionably, the form and substance of the bond required by statute to accompany the election-contest petition is equally jurisdictional with the form and substance of the petition itself. In any event, substantial compliance, when no prejudice is shown, is sufficient.
 

 Furthermore, Section 4785-169, General Code, was enacted for the purpose of curing technical errors and promoting justice in election-contest cases and provides that “the proceedings shall be similar to those in judicial proceedings, in so far as practicable,
 
 * * *
 
 [and the court shall have]
 
 power to order or permit amendments to the petition or
 
 proceedings
 
 as to form or substance, * *
 
 * .” (Italics mine.)
 

 In my opinion, the petition having been filed within the statutory time, bearing the signature of the con-tester and meeting all other statutory requirements of jurisdiction, may, if necessary, be amended. The judgment of the Court, of Common Pleas should be reversed and the case remanded for further proceedings according to law.
 

 Bell and Williams, JJ., concur in the foregoing dissenting opinion.