Hart, J.
A determining question presented in this case is whether, in view of the provisions of Sections 4785-168 and 4785-169, General Code, requiring the court in an election contest to fix a time for hearing the contest not more than 30 days after the filing of the petition, contesters who file dilatory pleas to the answer of the contestees, acquiesce in the continuance of the proceeding and fail to request the court to fix a date for such hearing within the time required by statute are entitled to a reversal of a judgment sustaining a motion to dismiss the contest for lack of prosecution rendered more than 100 days after the filing of the petition, where no action is taken on the merits of the case.
Section 4785-168, General Code, is as follows:
‘‘ The court shall fix a suitable time for hearing such contest, not less than fifteen nor more than thirty days after the filing of the petition; and shall cause a copy of the contester’s petition to be served upon the contestee, or upon the chairman of the committee taking the other side in advocacy of or opposition to any issue, as the case may be, in the same manner as a summons in a civil action. The contestee shall have ten days from the time service has been made upon him in which to answer the relation [petition], and the contester shall have five days in which to reply to the answer of the contestee. All parties may be represented by counsel and the hearing shall proceed at the time fixed, unless postponed by the judge or judges hearing the case for good cause shown by either party by affidavit; or unless the judge shall adjourn to such time, not more than thirty days thereafter, of which adjournment the parties interested shall take notice.” (Italics supplied.)
*189 Section 4785-169, General Code, a cognate section of Section 4785-168, provides that an adjournment may be made for not more than 30 days and that “the total of such adjournments shall not exceed thirty days.”
The contesters contend that statutes providing a time limit within which courts are required to hear or decide cases are directory and not mandatory, and cite in support of that proposition the cases of James v. West, Admr., 67 Ohio St., 28, 65 N. E., 156, and State, ex rel. Ticknor, v. Randall, Judge, 152 Ohio St., 129, 87 N. E. (2d), 340. The first-cited case construes an early statute similar in effect to Section 1685, General Code, and the second-cited case construes as directory Section 1685, which provides as follows:
“When submitted on motion or demurrer, or motion for new trial, or when submitted to the court on proceedings in error or on final trial on the issues joined, a cause now pending, or hereafter begun in a court of record in this state, shall be determined and adjudicated within thirty days after such submission.”
It must be remembered that Section 1685, General Code, is a part of Chapter 9, Title IV (Judicial Code), comprising provisions applying to courts of record. On the other hand, Sections 4785-168 and 4785-169, General Code, relate to contests of elections wherein the Common Pleas Court acts not in a judicial capacity but in a political administrative capacity, with its authority and procedure therefor specifically authorized and provided by statute. McClintock v. Sweitzer, 138 Ohio St., 324, 34 N. E. (2d), 781; Link v. Karb, Mayor, 89 Ohio St., 326, 104 N. E., 632; State, ex rel. Shriver, County Engineer, v. Hayes, 148 Ohio St., 681, 76 N. E. (2d), 869.
The courts have no jurisdiction to conduct an election contest in the absence of statutory authority therefor. State, ex rel., v. Harmon, 31 Ohio St., 250; Link *190 v. Karb, Mayor, supra; State, ex rel. Kautzman, v. Graves, Secy, of State, 91 Ohio St., 113, 110 N. E., 185; Thompson v. Redington, 92 Ohio St., 101, 110 N. E., 652, Ann. Cas. 1918A, 1161; and Williams v. O’Neill, 142 Ohio St., 467, 52 N. E. (2d), 858.
This court has held that the election statutes of the state must be strictly construed. Williams v. O’Neill, supra; Foraker v. Perry Totvnship Rural School District Board of Education, 130 Ohio St., 243, 199 N. E., 74. Election contests are special and summary in nature, and the procedure prescribed by statute to bring an election contest within the jurisdiction of specified authority must be strictly observed. Williams v. O’Neill, supra; Ingerson v. Marlow, 14 Ohio St., 568. In fact, the only authority which the court has in an election contest is derived from the statutes.
The public interest in having election contests speedily determined requires promptitude^ Prompt action in hearing and determining election contests so as to end a status effected by an election contest or to terminate a holdover office-occupancy before a term has wholly or in great part expired seems to be the policy of the law. English v. Dickey, 128 Ind., 174, 27 N. E., 495, 13 L. R. A., 40; Walton v. Olson, 40 N. D., 571, 170 N. W., 107; Whitney v. Blackburn, 17 Ore., 564, 21 P., 874, 11 Am. St. Rep., 857. And a provision for the commencement of the contest within a designated time is usually regarded as mandatory (Vailes v. Brown, 16 Colo., 462, 27 P., 945, 14 L. R. A., 120) and must be complied with in order to confer jurisdiction in the case. Furthermore, where a con-tester, before the expiration of the time within which an election contest under a statute must be tried, obtains a postponement or acquiesces in a postponement which carries the case beyond the time limit, he thereby discontinues his contest. English v. Dickey, supra.
*191 The time schedule of the court action in the instant case was, in part, as follows:
Petition filed February 8, 1951; answer filed by eontestees February 19, 1951; motion filed by contesters on February 26, 1951, to strike from the files the answer of the contestees, on the ground that it purported to be filed in the name of all the contestees but was in fact filed by only a portion of the members of the committee; entry continuing the action until March 15, 1951, approved by counsel for both parties and signed by the court on March 10, 1951, and filed as of March 15, 1951; demurrer to the second and third defenses of the answer filed by contesters March 15, 1951; motion of contestees to dismiss for lack of prosecution filed May 25, 1951; entry sustaining motion approved May 28, 1951, and filed June 21,1951.
The contesters filed no reply to the answer of the contestees, contenting themselves with the filing of a dilatory plea which they made no effort to have heard. They apparently acquiesced in a continuance of the cause for more than 30 days after the filing of the petition and allowed the period within which, under the statute, the case must be heard to go by without any apparent effort to have a hearing commenced or completed. Under such circumstances, the court in which the contest was pending had authority to dismiss the proceeding.
The judgment of the Court of Common Pleas is affirmed.

Jiidgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taet and Matthias, JJ., concur