Zimmerman, J.
Counsel for the school board raises the point, and several members of this court agree with them, that because of the geographical territory embraced in the Eastern Local School District the petition to contest the election was improperly and unauthorizedly filed in the Court of Common Pleas of Brown County to be heard by the judge of such court.
That part of Section 3515.08, Revised Code, which is pertinent reads as follows:
“In the case of an office to be filled or an issue to be determined by the voters of the entire state, or for the offices of members of Congress, or for judicial offices higher than that of Court of Common Pleas, or for an office to be filled or an issue to be determined by the voters of a district larger than a county, said contest shall be heard and determined by the Chief Justice of the Supreme Court or a Justice of the Supreme Court assigned for that purpose by the Chief Justice * * *.
“In the case of all other offices or issues, except judicial offices, such contests shall be heard and determined by a Judge of the Court of Common Pleas of the county in which the contest arose * * V’
Since a part of Brown County and portions of two townships in Highland County form the Eastern Local School District, is there “a district larger than a county” here involved within the meaning and intendment of the quoted section, whereby the hearing of the contest must be before the Chief Justice or a “Justice” of this court?
Be that as it may, the eontesters herein chose as their forum the Court of Common Pleas of Brown County, and, in order to have their petition acted upon there, it was incumbent *52 upon them to meet certain statutory mandates. So far as it is applicable, Section 3515.10, Eevised Code, recites:
“The court with which a petition to contest an election is filed shall fix a suitable time for hearing such contest, which shall be not less than 15 nor more than 30 days after the filing of the petition. Such court shall have a copy of the contestor’s petition served upon the contestee * * * in the same manner as a summons in a civil action.” (Emphasis supplied.)
It is apparent from the record that the trial date of. the contest was not set within 30 days after the filing of the petition, there is no showing that any request therefor was made, and the record does not indicate that a copy of the petition was served or was requested to be served on the contestee. This-court has held that the procedure prescribed by statute to bring an election contest within the jurisdiction of a court must be strictly followed. Williams v. O’Neill, 142 Ohio St., 467, 52 N. E. (2d), 858. And this court has often said that election laws generally are to be given a strict construction.
True, Section 3515.10, Eevised Code, provides that the court shall have a copy of the contester’s petition served upon the contestee in the same manner as a summons in a civil action, but some duty devolves upon the contester, who inaugurates the contest, to see that this is accomplished.
Under the controlling statute, the setting of the hearing of a contested election not more than 30 days after the filing of the petition and the service of a copy of the petition on the contestee are express conditions precedent which must be complied with before the hearing of the contest can be had. Compare In Matter of Contest of Special Election in Village of North Baltimore, Ohio, 136 Ohio St., 279, 25 N. E. (2d), 458.
In the entry dismissing the petition for lack of jurisdiction, the court states no reason for its action, and whether that dismissal was because the judge decided the petition had been filed in the wrong court or because there was lack of compliance with the mandatory provisions of Section 3515.10, Eevised Code, is left in doubt. If the dismissal was for noncompliance with the statute, as is probable, we think such action was proper and finds support under the principle announced and applied in the case of Jenkins v. Hughes, 157 Ohio St., 186, 105 N. E. (2d), 58.
*53 No constitutional question is discernible in this case.'
Therefore, the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

Weygandt, C. J., Taet, Matthias and Bell, JJ., concur.
Stewart, J., concurs in the judgment.
Herbert, J., dissents.