Per Curiam.

The dispositive question in this case is whether the failure to include the statement that the signers of an initiative petition “signed such petition with knowledge of the contents thereof,” in the affidavit of the circulator of the petition, as provided for in Section 731.31, Revised Code, invalidates the petition.
Inasmuch as the city of Cincinnati has provided in its charter that the powers of initiative and referendum shall be exercised in the manner provided by the laws of the state of Ohio, we are concerned in the present case with an interpretation of such general laws and not a charter provision.
It is well settled that, under the provisions of Section 9 of Article XVIII of the Ohio Constitution, it is the duty of the legislative body to determine the validity of initiative petitions. State, ex rel. Hinchliffe, v. Gibbons et al., City Council of Cleveland, 116 Ohio St., 390; and State, ex rel. Blackwell, v. Bachrach et al., City Council of Cincinnati, 166 Ohio St., 301.
Thus, the only question before the court is whether the council properly construed the provisions of Section 731.31, Revised Code, which reads in part as follows:
“* * * Each part of such petition shall contain the affidavit of the person soliciting the signatures thereto, which affidavits shall state the number of signers of each such part and that to the best of his knowledge and belief each of the signatures contained on such part is the genuine signature of the person whose name it purports to be, that he believes such persons *259 are electors of the municipal corporation, and that they signed such petition with knowledge of the contents thereof. * # * ”
On its face the provisions of this statute are mandatory.
Respondent argues, however, that substantial compliance with this section is sufficient, and that to invalidate these petitions would be to ignore the wishes of some 23,000 persons who have signed them.
In general, the courts have held that election statutes are mandatory and must be strictly complied with. Koehler v. Board of Elections of Butler County, 125 Ohio St., 251; State, ex rel. Fowler, v. Board of Elections of Fulton County, 126 Ohio St., 582; State, ex rel. McGinley, v. Bliss et al., Board of Elections of Summit County, 149 Ohio St., 329; Williams v. O’Neill, 142 Ohio St., 467; Pierce v. Brushart et al., Board of Elections of Scioto County, 153 Ohio St., 372; and State, ex rel. Babcock, v. Perkins et al., Stark County Board of Elections, 165 Ohio St., 185.
Specifically, so far as the elective process extends to initiative and referendum, we have held that strict compliance must be had with the terms of the statute as to the inclusion of the ward and precinct of the signers after their signatures. State, ex rel. Poor, v. Addison et al., Council of City of Columbus, 132 Ohio St., 477; and Lynn v. Supple, Clerk, 166 Ohio St., 154.
Relator contends that such strict compliance does not extend to the affidavit of the solicitor. He relies primarily on the case of State, ex rel. Blackwell, v. Bachrach, supra (166 Ohio St., 301), in which the court found that the failure of the circulator to include in his affidavit the statement that the circulator believed each signer thereof was an elector of Cincinnati as required by Section 731.31, Revised Code, did not invalidate the petition because such petition contained at the top, “Petition of the electors of the city of Cincinnati.” Judge Bell, in his opinion, adopted the language of the opinion of the Court of Common Pleas, which reads as follows:
“If the above parts of the form of the petition used in this case are read together and it is also taken into consideration that the precinct and ward of the signer must be given and is easily checked, the conclusion must be reached that adding the *260 words ‘of the city of Cincinnati’ after the word ‘electors’ in the affidavit, would in no way furnish protection against fraudulent or otherwise legal faults in the petition. To invalidate the entire petition, containing more than 32,000 names, for this cause would be an unwarranted effort to prevent rather than promote the exercise of the constitutional right to initiate this amendment to the charter.”
Relator urges that by the very physical makeup of the petitions the signers knew what they were signing, and thus, reading the petition as a whole, as was done in the Blackwell case, such petitions are valid.
However, the situation presently before us is different from that presented in the Blackwell case. That part of the statute which we are now considering requires the circulator to state in his affidavit that each signer knew the contents of the petition. Clearly, the knowledge required here is more than just knowledge of signing an initiative petition. It is knowledge of the actual changes proposed by the petition. There is a sound basis in public policy to require a signer of an initiative petition proposing to amend the basic law of the city to be aware of the changes to which he lends his support by signing the petition. Public policy requires such knowledge and it may not be implied from the fact that the amendments are set forth in the petition.
In Kerley v. Wetherell, City Clerk (1939), 61 Idaho, 31, 45, 96 P. (2d), 503, the court, in discussing a section which required a circulator’s affidavit to state that the signers of such petition had read or had had read to them the proposed changes, stated that the purpose of the provision was to require “him to know the substantial contents and purpose of the petition which he signs. ’ ’ The court went further, however, and said that even though the statement was in the affidavit, if such statement were proved false the signatures could not be counted.
As was stated in the Kerley case, the purpose of such provision is to require that the signer know the changes which are proposed. Therefore, this section imposes the duty on the circulator of a petition to determine whether a signer thereof knows the changes which are proposed, and if the signer does not the circulator must acquaint him with such changes if the circulator desires his signature.
*261 Thus, sound public policy dictates that the section requiring the affidavit of a circulator of an initiative petition to contain a statement that the signers thereof “signed such petition with knowledge of the contents thereof” must be strictly complied with, and that the failure to include such statement will invalidate the petition.
Both parties have filed motions for summary judgment. There being no issue of fact, the court may grant summary judgment on the motions therefor. Annotation, 36 A. L. R. (2d), 881, 901.
We having determined that the petitions in the instant case are invalid for lack of proper affidavits of the circulators, there is no duty on the city council to submit the proposed charter amendments to the electors, and respondent’s motion for summary judgment in its favor is sustained, the motion of relator is overruled, and the writ is denied.

Writ denied.

Zimmerman, Matthias, O’Neill and Griffith, JJ., concur.
Taft, C. J., Herbert and Gibson, JJ., dissent on authority of State, ex rel. Blackwell, a Taxpayer, v. Bachrach et al., City Council of Cincinnati, 166 Ohio St., 301.