CULLINAN *v.* HOOSE.

(No. 68-584—Decided November 4, 1968.)

*Mrs. Fanyerose G. Cullinan, in propria persona.*
*Messrs. Baker, Byron & Hackenberg,* for contestee.

TAFT, C. J. In his demurrer, contestee contends that the contestor failed to state the facts required by statute to be alleged in order to give the Chief Justice jurisdiction.

Under Section 3515.09, Revised Code, a petition in an election contest is to be filed "within fifteen days after the results of any such nomination * * * have been ascertained and announced by the proper authority, or if there is a recount, within ten days after the results of the recount of such nomination or election have been ascertained and announced by the proper authority."[1]

---

[1]The applicable parts of the Revised Code with respect to recounts read, so far as pertinent:

Section 3515.02. "* * * If the nomination or the candidacy for election * * * concerning which a recount is applied for was submitted only to electors of a district comprised of more than one county but less than all of the counties of the state [as in the instant case], the application shall be filed within five days after the day upon which the board of the most populous county in such district declares the results of such election."

Section 3515.03. "* * * Upon the filing of an application, the board shall promptly fix the time, method, and the place at which the recount will be made, which time shall be not later than ten days after the day upon which such application is filed. * * *

"The clerk of the board shall mail notice of the time and place so fixed to the applicant. * * * Such notice shall be mailed * * * not later than the fifth day before the day fixed for the commencement of the recount. * * *"

The petition alleges that on May 23, 1968, contestor was declared the winner by the Board of Elections of Trumbull County, the most populous county in the election district involved; and that thereafter the contestee applied for a recount and that thereafter on September 18, 1968, "the Board of Elections of Trumbull County * * * declared the contestee the winner."[2]

Since the petition in the instant case was not filed with-

---

Section 3515.05. "Upon completion of the recount of the ballots of all precincts listed in an application for a recount, or upon stopping the recount prior to such time, the board of elections shall promptly prepare and certify an amended abstract showing the votes cast in each precinct in its county in which the nomination * * * was submitted to electors, which amended abstract shall embody the votes of the precincts, the ballots of which were recounted, as shown by such recount. * * *

"* * *

"If the nomination * * * concerning which a recount was made was submitted only to electors of a district comprised of more than one county but less than all of the counties of the state, the board of the most populous county in such district shall canvass the amended abstracts received from the board of each county in such district in which a recount was made, and shall make an amended declaration of the results of such election in such district in the same manner required in the making of its original declaration of the result of such election."

Section 3515.06. "If a person was declared nominated as a candidate for election to an office * * * and if it subsequently appears by the amended declaration of the results of such election made following a recount of votes cast in such election that such person was not so nominated or elected, such person may, within five days after the date of such amended declaration of the results of such election, file an application with the board of elections for a recount of the votes cast at such election for such nomination or election in any precinct, the ballots of which have not been recounted.

"* * *

"Sections 3515.01 to 3515.05, inclusive * * * are applicable to any application provided for in this section and to the recount had pursuant thereto."

[2] No reason for the delay until September 18 in announcing results of the first recount appears in the allegations of the petition. The brief in support of demurrer states that the delay resulted from legal actions brought by contestor against the Portage County and Trumbull County boards of elections, which prevented them from acting before those actions were dismissed for want of jurisdiction on September 18.

in ten days after September 18, the contestor has not filed her petition in time, unless she has alleged facts indicating a filing within ten days after announcement of the results of some recount made subsequent to September 18.

The petition alleges that on September 19, 1968, contestor applied for a recount of all 98 precincts in Portage County and that on September 23 she applied for a recount of five precincts in Lake County. The petition does not allege *when* those recounts were completed. An examination of the statutes indicates that the recounts may well have been completed within five days of September 23 and the results thereof announced at that time. If so, the petition would have been filed too late when filed on October 11.

Although paragraph 10 of the petition alleges that the recount in Portage County, requested by the contestor, was not conducted "for the reason that the said board of elections did not produce or permit the recounting of" certain items, the reasons given certainly tend to indicate merely a disagreement with the manner in which the recount was made and not the absence of any such recount. This conclusion is fortified by paragraph 13 of the petition which clearly indicates that the Board of Elections of Portage County did conduct the requested recount although it did not do it in a manner satisfactory to the contestor.

Thus, the petition discloses that it was not filed "within fifteen days after the results of" the nomination were announced in May, or within ten days after the results of the recount requested by the contestee had been ascertained and announced. Furthermore, the petition does not allege that there was any ascertainment and announcement by the proper authority of the results of any second recount at a time within ten days of October 11, 1968, when the petition was filed.

In *Williams* v. *O'Neill* (1944), 142 Ohio St. 467, 52 N. E. 2d 858, paragraph three of the syllabus reads:

"Under the mandate of Section 4785-167 [now Section 3515.09, Revised Code], it is necessary that a petition to contest an election be filed within ten days after the results of a recount of votes have been ascertained and announced * * * to give a court jurisdiction over the proceeding."

In that case, the petition had been signed not by the contestor but by two attorneys who represented him, but the petition had been verified by the contestor personally before a notary public. What is now Section 3515.09, Revised Code, besides requiring filing of the petition within a specified time, provides that it shall be "signed by * * * the defeated candidate." In holding that the court had no jurisdiction and that there could be no "amendment of the petition after the time for the filing of such petition has expired" to provide the necessary jurisdictional requirements, which it should have contained, it is stated in the opinion by Zimmerman, J., at page 471:

"* * * compliance with * * * [what is now Section 3515.09, Revised Code] is a condition precedent to the right to have an election contest heard and determined by a court, and * * * noncompliance with the statute in one or more of the particulars prescribed is fatal to such right."

This case was followed in *McCall v. Board of Education* (1959), 169 Ohio St. 50, 157 N. E. 2d 351, where paragraph one of the syllabus reads:

"The procedure prescribed by statute to bring an election contest within the jurisdiction of a judge must be strictly followed." See also *In re Contest of Election* (1940), 136 Ohio St. 279, 25 N. E. 2d 458.

As stated by Hart, J., in the opinion in *Jenkins v. Hughes* (1952), 157 Ohio St. 186, 189, 105 N. E. 2d 58.

"The courts have no jurisdiction to conduct an election contest in the absence of statutory authority therefor * * *.

"* * * the procedure prescribed by statute to bring an election contest within the jurisdiction of specified authority must be strictly observed * * *.

"The public interest in having election contests speedily determined requires promptitude."

Because the petition fails to allege facts disclosing that the Chief Justice has jurisdiction to hear this election contest proceeding, the petition must be, and is, dismissed.

*Petition dismissed.*