Austin Rodgers, alias William Crowder, v. The State.

No. 3002.    Decided October 26, 1904.

**1.—Rape—Bill of Exceptions—Motion for Continuance.**

The action of the court overruling motions for continuance before and during trial cannot be reviewed in the absence of a bill of exceptions.

**2.—Evidence—Sufficiency for Rape.**

Where there was the testimony of prosecutrix who testified to the act of intercourse by defendant with her and that she was under the age of 15 years, and this testimony as to intercourse is corroborated by another witness, and her age was corroborated by testimony as to her appearance and size as being under 15 years, together with defendant's admission that he was living in adultery with prosecutrix, the same is sufficient to support the conviction.

**3.—New Trial—Questions of Fact.**

Where the ground of the motion for new trial was that certain State's witnesses were self-confessed liars and thieves and harbored ill will against the defendant, these were matters of fact to be determined by the jury, and are not to be reviewed on appeal.

**4.—Practice—Fair and Impartial Trial—Constitutional Law.**

There is nothing in the Constitution that guarantees a fair and impartial trial; but it does provide for a speedy trial by a fair and impartial jury, and the court cannot assume that a defendant has not had a fair and impartial trial, since that is a relative term; but if there has been any partiality or lack of fairness in the trial, this should be evidenced by bill of exceptions or in the motion for new trial, so that the rulings of the trial court may be reviewed under the rules of law.

**5.—Misconduct of Jury—Bill of Exceptions.**

In the absence of a bill of exceptions, the question of the separation, or misconduct of the jury cannot be reviewed.

Appeal from the District Court of Lamar.    Tried below before Hon. Ben H. Denton.

Appeal from a conviction of rape; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

No brief for either party has reached the hands of the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for life. .

The first ground of the motion for new trial complains of the action of the court overruling the application for continuance; and the second ground complains of the overruling of defendant's motion for continu-

ance made during the progress of the trial and after the sheriff of Williamson County had arrived with a witness named James Rodgers, on the ground that he was surprised as set out in said application. Neither of these grounds of the motion are verified by bill of exceptions, and hence they cannot be considered by this court.

The third ground of the motion is that the verdict is contrary to the law and not supported by the evidence. We do not think this contention is correct. Prosecutrix testified to the act of intercourse, and that she was under the age of 15 years. Her testimony as to the illicit intercourse is corroborated by her little brother, and on the question of age her testimony was corroborated by witnesses testifying to the appearance and size of prosecutrix, as indicated she was under the age of 15 years. This, taken together with appellant's own testimony, showing that he was living in adultery with prosecutrix certainly makes out a case beyond any reasonable doubt.

The fourth ground of the motion is because prosecutrix and Oscar and Arthur Rogers, brothers of prosecutrix, who testified for the State, were self-confessed liars and thieves, and admitted they had ill will against defendant and would tell a lie to keep from living with defendant. Even concede the truth of appellant's contentions, these were matters that addressed themselves merely to the discretion of the jury, they being the judges of the credibility of the witnesses.

The fifth and sixth grounds of the motion are that defendant has not had a fair trial as guaranteed to every citizen of this State, and that the court erred in admitting irrelevant testimony to go to the jury. There is nothing in the Constitution that guarantees to every citizen of this State a fair and impartial trial. The only clause of the Constitution relating to this matter says, in substance, that the defendant is entitled to a speedy trial by a fair and impartial jury. We are not called upon to assume the province of saying that defendant has not had a fair and impartial trial, since this is a relative term, under our Code of Criminal Procedure, to be judged by the procedure itself. If there has been any partiality or lack of fairness in the trial under the rules of law, this should be evidenced by some bill of exceptions to the rulings of the court, or some exception in the motion for new trial to the charge of the court. Without this character of exception, the question of fairness and impartiality of the trial, cannot in the very nature of things be reviewed. We see no bill indicating that the court admitted irrelevant testimony.

The seventh error complains of the separation of the juror G. M. Smiley, after being sworn, from the other jurors; and the eighth ground complains that the juror J. M. Fredricks was permitted to call to him a man from the crowd in the court-room, and talk to him without the consent of the court. Neither of these grounds of the motion are verified by affidavit or bill; and hence cannot be reviewed.

The judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.