Stone *v.* Edmondson *et al.*

(*Nashville,* December Term, 1934.)

Opinion filed April 6, 1935.

W. C. Cherry and A. V. McLane, both of Nashville, and Braly Craig, of Lewisburg, for appellant.

Cooper & Cooper, of Selbyville, for appellees.

Mr. Chief Justice Green delivered the opinion of the Court.

This was a suit by a citizen and taxpayer to restrain one W. T. Edmondson from assuming the office of county judge of Marshall county to which office he appeared, on the face of the returns, to have been elected August 2, 1934. The bill charged, for reasons set out, that the election was void. The chancellor denied the injunction and Edmondson was inducted into the office. The bill, however, was sustained as having been properly filed, as a challenge of the validity of the election. From an order overruling defendant's demurrer, the chancellor permitted an appeal.

Among other things, the bill averred that Edmondson's plurality of votes was only 34; that in the Cornersville precinct more than 100 illegal voters (naming them) participated in the election, and that it was impossible to tell for whom such voters cast their ballots; that accordingly the election in this precinct was void, and, if the vote of this precinct were thrown out, it would be impossible to tell which candidate received the highest number of legal votes in the county, and the whole election was accordingly invalid.

A point was made upon the jurisdiction of the chancellor to entertain this suit. We think, however, this matter was settled in *Maloney* v. *Collier*, 112 Tenn., 78, 83 S. W., 667, 673.

Section 2123 of the Code is as follows:

"Should a candidate for the office of judge of the circuit, common law, and chancery, or criminal court, or for the office of district attorney, desire to contest his election, he shall, within twenty days after such election, present a sworn statement of the grounds of contest to the chancellor."

Section 2114 and section 2115 of the Code provide for

contests for the office of "supreme or appeals judge" and for contests for the office of chancellor, and section 2116 of the Code is in these words:

"Contests for all other judicial offices, and of district attorneys are tried before the chancellor of the division in which such election was held; and, if such election was partly in one chancery division and partly in another, then before the chancellor in either division; and, if there.be no chancellor in that division, before the chancellor of the nearest division having a chancellor."

The office of county judge is a judicial office (*Ledgerwood* v. *Pitts*, 122 Tenn., 570, 125 S. W., 1036), and the chancellor before whom this suit was tried was the chancellor of the division in which the election was held.

As heretofore stated, and as shown by the bill, the election herein attacked was held on August 2, 1934. The complainant's bill was filed on August 31, 1934—twenty-nine days after the election. As set out above, section 2123 of the Code provides that a candidate for the office of judge, desiring to contest the election, shall, "within twenty days after such election, present a sworn statement of the grounds of contest to the chancellor."

Defendant's demurrer makes the further point that section 2123 of the Code controls this proceeding and that this suit was filed too late to be entertained.

There is no doubt but that the suit would be barred by the twenty days' limitation had it been brought by a candidate for the office of county judge instead of having been brought by a citizen and taxpayer, not a candidate. *Harmon* v. *Tyler*, 112 Tenn., 8, 83 S. W., 1041; *Nelson* v. *Sneed*, 112 Tenn., 36, 83 S. W., 786.

We are of opinion that the twenty days' limitation

is not less effective when a suit like this is brought by a third party. As shown in *Maloney* v. *Collier supra,* the suit of a candidate under this statute may be brought for either of two purposes. It may be brought to have the election purged of illegal votes, if possible, and to have a judgment that complainant, apparently unsuccessful, in reality secured the highest number of legal votes. Or the suit may be brought to have the entire election declared void and a new election held.

After a full review of earlier decisions, it was declared by the court in *Maloney* v. *Collier*:

". . . That the validity of any election for which a contest proceeding is provided by the Code must be determined and can only be determined in that form, and it cannot be entertained by the court of chancery under Code 1858, sec. 3409 et seq. In short, the authorities referred to seem to establish most conclusively that, if acts in violation of the elective franchise cannot be redressed under the statutes which make provisions for contested elections, they cannot be redressed at all."

Insofar as the suit of a candidate seeks to have an election declared void, the candidate occupies the same position as would be occupied by a third party bringing such a suit. The candidate would take no personal benefit from a decree setting aside an election. His only advantage would be that accruing to any citizen from a judgment tending to preserve the purity of elections.

If, therefore, the twenty days' limitation be binding on the candidate, we see no reason why such limitation is not equally binding on the third party bringing suit. to have an election declared void. In either case public policy demands a speedy settlement of such matters.

So far as the decisions of this court disclose, this is

the first suit reaching us in which a third party has sought to invalidate a judicial election. The application of the twenty days' limitation, therefore, has not been previously considered.

The decisions in *Zirkle* v. *Stegall*, 163 Tenn., 323, 43 S. W. (2d), 192; *Lewis* v. *Watkins*, 3 Lea (71 Tenn.), 174, and *Marshall* v. *Kerns*, 2 Swan (32 Tenn.), 68, did not deal with judicial elections, but with elections of other officers, regulated by different statutes not containing the twenty days' limitation.

The demurrer should have been sustained in the aspect noted.

This case cannot be said to fall under that line of authorities wherein the court restrains public officers from the exercise of unconstitutional powers. *Lindsay* v. *Allen*, 112 Tenn., 637, 82 S. W., 171, and authorities therein are not in point.

Reversed, and bill dismissed.