CLARICE C. WHITE,         )
                                  )
       Plaintiff/Appellant,     )
                                  )
v.                              )
                                  )
MARY JO DOZIER and    )
THE MONTGOMERY COUNTY  )
ELECTION COMMISSION,   )
                                  )
       Defendants/Appellees.   )

Appeal No.
M1999-02386-COA-R3-CV

Montgomery Chancery
No. 98-11-0061

**FILED**

March 6, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

## COURT OF APPEALS OF TENNESSEE

### APPEAL FROM THE CHANCERY COURT FOR MONTGOMERY COUNTY, AT CLARKSVILLE, TENNESSEE

### THE HONORABLE CAROL CATALANO, CHANCELLOR

JEREMY E. WHITE
Faegre & Benson
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901

LUTHER WRIGHT, JR.
Boult, Cummings, Conners & Berry
414 Union Street, Suite 1600
P. O. Box 198062
Nashville, Tennessee 37219
    ATTORNEYS FOR PLAINTIFF/APPELLANT

F. EVANS HARVILL
Rudolph, Ross, Fendley,
 Hogan, Moyer & Sykes
107 N. Third Street
Clarksville, Tennessee 37040
    ATTORNEY FOR DEFENDANTS/APPELLEES

### REVERSED AND REMANDED

WILLIAM B. CAIN, JUDGE

## O P I N I O N

This is an appeal by the contestant in an election contest brought pursuant to Tennessee Code Annotated sections 2-17-101 to 2-17-116. The trial court dismissed the complaint specifically holding that the mandate of section 2-

17-106, that trial of an election contest "be held no more than fifty days from the date the complaint was filed," was jurisdictional such that after the expiration of this fifty-day period, the trial court lost jurisdiction.

## I. FACTS

In the election of November 3, 1998, both the contestant Clarice C. White and the contestee Mary Jo Dozier were candidates for election to the 7th Ward seat on the City Council of Clarksville. In the election Ms. Dozier received 555 votes, and Ms. White received 551 votes. Within the ten-day limitation provided by Tennessee Code Annotated section 2-17-105, Ms. White filed suit in the Chancery Court for Montgomery County contesting the election. On November 25, 1998, she filed a request for the production of documents together with a motion to shorten the time for the defendant, Montgomery County Election Commission, to produce the documents.

On December 4, 1998, David Hines, attorney, entered his appearance of record on behalf of the election commission and its members. On December 11, 1998, F. Evans Harvill, attorney, entered his appearance of record for the defendant Ms. Dozier. On December 29, 1998, Ms. Dozier answered the complaint first asserting that the complaint failed to state a cause of action upon which relief could be granted and then answering seriatim the specific paragraphs of the complaint. On December 31, 1998, Montgomery County Election Commission filed its answer asserting that the complaint failed to state a claim upon which relief could be granted in any respect.

On January 4, 1999, fifty-two days after the complaint was filed, the Montgomery County Election Commission filed a motion to dismiss the complaint, asserting the expiration of the fifty days within which Tennessee Code Annotated section 2-17-106 required the case to be tried and asserting that the court no longer had subject matter jurisdiction of the case. On January 13, 1999, Ms. Dozier reiterated her motion to dismiss for failure to state a claim for which relief may be granted and also asserting the trial court's loss of subject matter jurisdiction.

The case was heard on March 9, 1999 on such pending motions and by the court dismissed upon a finding that the trial court "is without jurisdiction to hear or decide any of the motions filed by the parties, as more than fifty days have elapsed since the filing of the plaintiff's complaint." The court therefore ordered, adjudged and decreed that the plaintiff's action be dismissed with prejudice. This order of dismissal was entered on March 19, 1999, and Ms.

2

White filed a timely appeal.

## II. SUBJECT MATTER JURISDICTION

It has long been held that the ten-day limitation for filing an election contest provided by Tennessee Code Annotated section 2-17-105 is mandatory and that neither an amended complaint nor any other attempt to expand the factual allegations of the complaint may be entertained by the court. *Forbes v. Bell*, 816 S.W.2d 716, 718 (Tenn. 1991); *Harmon v. Tyler*, 112 Tenn. 8, 83 S.W. 1041, 1044 (1904). However, scant attention has been given by the courts as to the effect of the apparently mandatory language of section 2-17-106 requiring trial of the election contest within fifty days after the filing of the complaint.

In *Crenshaw v. Blanton*, 606 S.W.2d 285 (Tenn. Ct. App. 1980), the court of appeals refused to entertain a summary judgment motion filed more than fifty days after the filing of a referendum contest. The court did not expressly address subject matter jurisdiction but rather the dilatory failure of the plaintiff to press for trial of the case. In the course of the opinion, the court made the following statement: "[t]his court would be reluctant to deny relief because a court was unable to try and decide an election contest within fifty (50) days." *Id.* at 289.

This court is likewise reluctant to hold as the trial court held that the expiration of the fifty-day limitation period deprived the trial court of subject matter jurisdiction. As in *Crenshaw*, none of the parties really tried to push the case at bar to trial within the fifty-day period, and the primary burden in this respect rests upon the plaintiff to prosecute her case. The reason for the reluctance of the court in *Crenshaw* to hold the fifty day limitation on trial to be jurisdictional in contrast to the settled rule as to the jurisdictional nature of the ten day limitation for filing of an election contest is obvious. The contestant has complete control over the filing of his election contest. Many factors beyond the control of the contestant can and will usually affect the timing of the actual trial. Time for pleading, congested court dockets, preparation time involving three separate parties and other factors can delay trial of an election contest.

In *Crenshaw* the court held:

> T.C.A. § 2-1702 requires that election contests be tried within fifty (50) days after the filing of the complaint. Plaintiff's motion for summary judgment was not filed until May 12, 1978, more than fifty (50) days after the filing of the complaint on March 15, 1978. Even after the motion was

> filed, there is no evidence in the record that plaintiff made an effort to obtain an expedited hearing. This Court would be reluctant to deny relief because a court was unable to try and decide an election contest within fifty (50) days. However, if the plaintiff in such a case does not do his best to obtain a timely decision, then a denial of relief is in order under the statute.

*Crenshaw v. Blanton*, 606 S.W.2d 285, 289 (Tenn. Ct. App. 1980).

The trial court did not find under the record in this case that contestant did not do her best to timely press her case for trial. She requested production of documents and moved that the time for the defendant to respond be shortened. Answers were not filed by the defendants until the week before the expiration of the fifty day limitation.

Following the rationale of *Crenshaw* we hold that the fifty day limitation for trial provided by Tennessee Code Annotated section 2-17-106 is not jurisdictional and the trial court erred in dismissing the election contest on this ground.

### III. THE RULE 12.02(6) MOTION

Both defendants properly raised before the trial court motions under Rule 12.02(6) to dismiss the complaint for failure to state a claim upon which relief may be granted. The trial court never passed upon these motions but instead decided the case on the subject matter jurisdiction issue. This appellate court "may examine the record and affirm the [trial] court on other grounds if we determine that there exists no material controversy regarding matters of fact or law." *Hooks v. Hooks*, 771 F.2d 935, 945 (6th Cir. 1985). A Rule 12.02(6) motion may be ruled on in the appellate courts to sustain the judgment below even if it was not considered in the trial court. *See United States v. Arthur Young & Co.*, 465 U.S. 805 (1984); *Harker v. State Use Indus.*, 990 F.2d 131 (4th Cir. 1993); *Rose Acre Farms, Inc. v. Madigan*, 956 F.2d 670 (7th Cir. 1992); *Young v. C. I. R.*, 926 F.2d 1083 (11th Cir. 1991).

A demurrer under common law pleading and a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12.02(6) of the Tennessee Rules of Civil Procedure are functional twins. *Holloway v. Putnam County*, 534 S.W.2d 292, 296 (Tenn. 1976). The only significant difference is that a demurrer could not "speak." In other words, as one author put it:

> [N]ew facts may not be stated in a demurrer in order to support it; the pleading against which it is filed only can be

4

> looked to. A demurrer which introduces a new fact, or facts,
> that is, alleges new matter in addition to that contained in the
> pleading against which it is filed, is said to "speak," and is
> called a "speaking" demurrer.

Sam B. Gilreath & Bobby R. Aderholt, *Caruthers' History of a Lawsuit,* § 194 (8th ed. 1963); *see also Powers v. Journeymen Bricklayers' Union No. 3,* 130 Tenn. 643, 172 S.W. 284, 285 (1914); *Nashville Trust Co. v. Weaver*, 102 Tenn. 66, 50 S.W. 763, 764 (1899). When a Rule 12.02(6) motion "speaks" and such "speaking" materials are not excluded by the court, it is treated under Rule 12.03, Tenn. R. Civ. P., as a Rule 56 motion for summary judgment and disposed of accordingly. *Pacific E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 951-52 (Tenn. Ct. App. 1995).

In the case at bar, the defendant Ms. Dozier in her December 29, 1998 answer states that "[t]he complaint filed against her in this cause fails to state a cause of action upon which relief can be granted, wherefore, [Ms. Dozier] moves that the cause be dismissed and she go hence with her costs." The answer of the Montgomery County Election Commission of December 31, 1998 asserts that the complaint "fails to state a claim upon which relief can be granted in any respect." These are simple Rule 12.02(6) motions which do not purport to "speak." However, like the predecessor demurrer, these motions hypothetically admit the truth of all matters properly pleaded in the complaint, and, accepting the factual averments of the complaint to be true, they assert that the complaint does not state a cause of action against these defendants. *Sanders v. Vinson*, 558 S.W.2d 838, 840 (Tenn. 1977). Like motions for summary judgment under Rule 56, a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12.02(6) presents only questions of law. Therefore, on appeal, an independent review of the record is required of the appellate courts in which they indulge no presumptions from the disposition of the case made in the trial court. *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44-45 (Tenn. Ct. App. 1993).

The difficulty in the case at bar is that a Rule 12.02(6) motion addresses itself in the first instance to the trial court. Because the case was dismissed on subject matter jurisdiction grounds, the trial court never reached the 12.02(6) motion.

While judicial economy might be accomplished if we addressed the Rule 12.02(6) motion under the rule in *Arthur Young & Co., Harker, & Rose Acre Farms, Inc.*, we think the better practice is to remand the case to the trial court for consideration of the Rule 12.02(6) motion thereby allowing all parties

to specifically address the trial court on the merits of the motion and give the parties, the trial court and this court the benefit of a trial court judgment before undertaking appellate review.

## IV. CONCLUSION

The judgment of the trial court dismissing this case on its finding that the fifty day limitation of Tennessee Code Annotated section 2-17-106 deprived the court of subject matter jurisdiction is reversed. The case is remanded to the trial court for consideration of the pending Rule 12.02(6) motions and such further proceedings as the trial court may determine to be proper.

Costs of the case are assessed equally against defendants.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
PATRICIA J. COTTRELL, JUDGE

_____
W. FRANK CRAWFORD, JUDGE